IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 30, 2003

## QUINCY L. GOODINE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 241515     Douglas A. Meyer, Judge**

**No. E2002-02819-CCA-R3-PC**
**May 29, 2003**

In September 1998, the Petitioner pled guilty to attempted rape, three counts of reckless endangerment, three counts of forgery, and three counts of theft of property. The trial court sentenced the Petitioner to an effective sentence of nine years, with eleven months and twenty-nine days of confinement followed by eight years of probation. The Petitioner served approximately six months of his sentence in jail and was released on probation. In December 1999, the trial court revoked the Petitioner's probation on seven of the ten felony charges based upon the Petitioner's acquisition of new charges, failure to pay restitution, failure to attend counseling, and violation of curfew. The Petitioner did not appeal the trial court's revocation of his probation. In September 2002, the Petitioner filed a petition for post-conviction relief. The post-conviction court dismissed the petition without a hearing, and this appeal ensued. Concluding that the Petitioner has failed to state a proper claim for post-conviction relief and that the post-conviction petition is barred by the applicable statute of limitations, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Quincy L. Goodine, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; William H. Cox, III, District Attorney General; and Charles B. Rucker, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### BACKGROUND

On September 21, 1998, the Petitioner pled guilty to attempted rape, three counts of reckless endangerment, three counts of forgery, and three counts of theft of property. The trial court imposed

an effective sentence of nine years, with eleven months and twenty-nine days of confinement followed by eight years of probation. On March 8, 1999, the Circuit Court of Hamilton County, Tennessee, entered an order requiring the Petitioner to pay weekly child support. Additionally, the trial court entered a judgment against the Petitioner for child support arrearage in the amount of $15,614. On December 6, 1999, based upon the Petitioner's "acquisition of new charges, failure to pay restitution, failure to attend counseling, and violation of curfew," the trial court revoked the Petitioner's probation. The Petitioner did not appeal the trial court's revocation of his probation.

On September 6, 2002, the Petitioner filed a petition for post-conviction relief in the Hamilton County Criminal Court. In a written order filed on October 18, 2002, the Hamilton County Criminal Court denied post-conviction relief, noting that the petition for post-conviction relief was defective in that it (a) challenged judgments from more than one proceeding in violation of Tennessee Code Annotated § 40-30-204(c); and (b) was untimely under Tennessee Code Annotated § 40-30-202(a), which limits the time for filing a post-conviction claim to one year from the date that the judgment becomes final, absent appeal.

ANALYSIS

The Petitioner now appeals the trial court's denial of post-conviction relief, arguing the following: (1) that his convictions were based on an "unlawfully induced guilty plea," because the judgment against him for child support constitutes "newly discovered evidence;" (2) that his due process rights were violated when the sentencing court revoked his probation for failure to pay fees; and (3) that his post-conviction petition is timely. The State argues that the Petitioner failed to state a proper claim for post-conviction relief, that the Petitioner's post-conviction petition is barred by the statute of limitations, that the Petitioner's child support obligation is not new or scientific in nature and does not establish the Petitioner's innocence, and that the Petitioner's due process rights were not violated by the revocation of Petitioner's probation. We agree with the State and affirm the summary dismissal by the post-conviction court of the petition for post-conviction relief.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-203. The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Id. § 40-30-210(f). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this Court, with no presumption of correctness. Id. at 457.

In this case, the Petitioner has alleged no abridgment of any right guaranteed by the Tennessee or Federal Constitutions. As the State points out in its brief, the Petitioner is essentially attempting by improper means to appeal the revocation of probation. The Petitioner's probation was revoked on December 6, 1999, and no appeal was filed. The petition for post-conviction relief was

filed on September 6, 2002, which is well beyond the one year statute of limitations found in Tennessee Code Annotated § 40-30-202(a). In our view, nothing in the record, including the Petitioner's "due process" assertions, entitle the Petitioner to any relief from the applicable statute of limitations. Additionally, although Tennessee Code Annotated § 40-30-202(b)(2) allows a petitioner to make a late claim "based upon new scientific evidence establishing that such a petitioner is actually innocent of the offense or offenses for which the petitioner was convicted," no such evidence is present in this record. We agree with the State's assertion that the Petitioner's child support obligation is neither new nor scientific in nature, nor does it establish the Petitioner's innocence.

Finally, the Petitioner contends that his right to due process was violated when the trial court revoked his probation for failure to pay fees. No record of the revocation proceeding is before this Court. However, it does appear from the technical record in this case that the Petitioner was afforded the opportunity to appear and present a defense at his revocation hearing. Further, the Petitioner admits and the post-conviction court determined that the Petitioner's probation was revoked based on additional grounds other than simply failure to pay fees. The additional grounds included new charges, failure to pay restitution, failure to attend counseling, and violation of curfew.

Accordingly, the judgment of the post-conviction court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE